FILED

2015 Jun-02  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC JOHNSON, and all individuals listed on Exhibit A, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| v. | ) ) | |
| SANTANDER CONSUMER USA, INC., | ) ) | |
| Defendant. | ) | |

## APPLICATION TO COMPEL ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, petitioners Cedric Johnson and those additional plaintiffs listed in Exhibit A hereto petition the Court for an order directing defendant Santander Consumer USA, Inc., to remedy its failure, neglect, or refusal to arbitrate pursuant to written arbitration agreements between Santander and the plaintiffs.  In particular, so that plaintiffs may pursue their claims in arbitration against Santander, plaintiffs pray for an order requiring Santander to produce a copy of the arbitration agreement between each plaintiff and Santander or, as applicable, its predecessor   In the alternative, for any plaintiff who does not have a contract with Santander containing a binding arbitration agreement, plaintiffs pray for an order directing Santander to provide a sworn statement of its custodian of records to that affect.in interest.  In support of this application, plaintiffs state as follows:

## JURISDICTION AND VENUE

1.    Plaintiffs are all individuals living in the United States, and each plaintiff is an adult with the capacity to bring this lawsuit.

2.      Defendant Santander Consumer USA, Inc., is an Illinois corporation with its principal place of business in Dallas, Texas.

3.      The claims these plaintiffs seek to assert against Santander include claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Federal question jurisdiction therefore exists pursuant to 28 U.S.C. § 1331 and Vaden v. Discovery Bank, 556 U.S. 49 (2009).

4.      Plaintiff Cedric Johnson is an adult resident of Birmingham, Alabama, and all of the events giving rise to his claims in this action as well as the underlying claims occurred in this division and district. Additionally, 39 other plaintiffs are residents of this district and division.  As such venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events giving rise to Plaintiffs' claims took place in the Northern District of Alabama.

5.      Joinder is proper because Santander's conduct towards all the plaintiffs has been similar.  The plaintiffs' claims all arise out of the same nucleus of common questions of law and fact.  Specifically, each plaintiffs' claim arises out of the dispute as to whether each plaintiff is subject to an arbitration agreement, and Santander's common course of conduct described herein concerning whether there are binding arbitration agreements for each plaintiff.

## STATEMENT OF FACTS

6.      The undersigned counsel represent all plaintiffs listed in the attachment on an individual basis.  All of these clients wish to pursue claims that include claims under the TCPA and the FDCPA.

7.      On July 28, 2011, the undersigned amended an action styled Haynes v. Santander Consumer USA, Inc., in the United States District Court for the Northern District of Alabama, CV

2:11-cv-02586.  On motion by Santander, that case ultimately was sent to arbitration based on the arbitration agreement contained in the consumer loan contract between Ms. Haynes and Santander.

8.      On other similar cases filed in federal court, Santander moved to compel arbitration.

9.      Because Santander chose to compel arbitration in these cases, on August 1, 2012, the undersigned began filing individual arbitration proceedings directly with the American Arbitration Association asserting claims arising under the TCPA and the FDCPA.  To date, 172 of the undersigned's clients have filed individual arbitration proceedings with the AAA.

10.     The AAA requires under its Consumer Arbitration Rules that a demand for arbitration be accompanied by "A copy of the arbitration agreement contained in the contract…" R-2(a)(2).

11.     These are subprime loans and plaintiffs are typically unsophisticated individuals who have not retained copies of their original loan contracts.

12.     Undersigned counsel began filing demands for arbitration with copies of the arbitration agreement routinely used by particular lenders whose loans were later purchased or serviced by Santander.

13.     Santander's response to filings containing form arbitration agreements was to refuse to pay the AAA filing fee stating, "Santander has not been able to locate any evidence that it is a party to the agreement to arbitration attached to Claimant's demand in the above-referenced matter.  Therefore, Santander cannot agree to pay any fees furthering arbitration under that agreement.  However, if Santander is provided a copy of an arbitration agreement signed by Claimant governing Claimant's claims, Santander will pay the fees."  This response dodged the central question of whether there is an applicable arbitration agreement.  Santander's language simply states that it cannot find evidence "it is party to the agreement . . . attached to Claimant's

demand," which does not eliminate the possibility that there is a different agreement that does contain an arbitration agreement.  Also, Santander is normally not the originator of the loan, and instead steps into the shoes of the bank or finance company that originated the loan when Santander takes the loan over.  All of these circumstances make Santander's careful response to the question suspect, as it does not definitively answer the question of whether Santander is the beneficiary of an agreement that contains an arbitration clause.

14.    Those claimants responded by asking that an Arbitrator be appointed to determine the arbitrability of the claimant's claims which was required under the arbitration agreement.

15.    AAA found that the claimants had met their obligation under the rules in filing their demand.

16.    Santander continued to argue against the AAA's finding, eventually agreeing to represent to undersigned counsel that particular claimant's claims were not arbitrable, and agreeing amongst the parties to withdraw those claims which were not arbitrable.

17.    The foregoing conduct continued until Santander responded to arbitrations filed in June of 2014 when Santander, rather than representing to the undersigned that a claimant's claims were not arbitrable, instead returned to its original vague language stating, "Santander has not been able to locate any evidence that it is a party to the agreements to arbitration attached to Claimants' demands in the matters listed below.  Therefore, Santander cannot agree to pay any fees furthering arbitration under those agreements.  However, if Santander is provided a copy of an arbitration agreement signed by a Claimant governing Claimant's claims in any of these matters, Santander will pay the fees."

18.    Although the undersigned has not agreed to withdraw arbitrations where Santander makes its vague objection to the document attached to a demand rather than representing that the

claims are not arbitrable, AAA did not proceed. As a result, these arbitration proceedings have been stalled for months.

19.    Even where Santander has directly stated that no arbitration agreement exists, counsel has discovered on more than one occasion that an arbitration agreement in fact existed.

20.    In one particular arbitration, Santander made its general objection refusing to pay the filing fee. The undersigned counsel recently discovered there is an arbitration agreement in each of that claimant's two accounts. As a result of Santander's gamesmanship, that claimant will have to request AAA reopen their arbitration proceeding after significant delay.

21.    Due to Santander's maneuvering regarding arbitration provisions, which results in delay and great waste of judicial and arbitral resources, the undersigned's remaining clients are forced to seek a judicial determination as to whether their claims are arbitrable. Without such a determination, they will be faced with Santander's objection and refusal to pay arbitration filing fees, Santander's motion to compel arbitration in a court proceeding, or potentially both.

22.    Despite requests, Santander has never agreed to provide an arbitration agreement prior to the filing of an action. In an e-mail dated November 5, 2014, Plaintiffs' counsel made such a request. "We have engaged in a fairly pointless but time-consuming skirmish with you over whether clients have filed arbitrations are subject to contractual arbitration, and if so what the exact contractual language is. This has resulted in the loss of much time for both sides in emailing with Lois Rosisnki and the AAA Consumer Filing team. Accordingly we request that Santander immediately provide a list of our clients who have not yet commenced arbitration proceedings who Santander contends are subject to mandatory arbitration, and provide a copy of the most recent contract containing arbitration language. Please comply with this request within 30 days from

[to]day." (Ex. B, e-mail from Mr. Norris). In the six months following this request, Santander has not provided any arbitration agreements or otherwise responded in any way.

## CLAIM FOR RELIEF

23.    Plaintiffs seek an order requiring Santander to stop playing games as to whether arbitration agreements exist.  The gamesmanship has caused delays and has wasted the resources on both sides, of the AAA, and of the courts.

24.    Specifically, plaintiffs seek an order requiring Santander, as to each of the plaintiffs, to either (a) produce any arbitration agreement known to it between it and plaintiff, or (b) submit a sworn statement from an authorized representative of the company stating that no such agreement exists.

25.    Plaintiffs further seek a determination based on that production as to whether each Plaintiff's claims are subject to binding arbitration under the FAA.

/s/ John E. Norris_____
John E. Norris
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Courtney L. Peinhardt (PEI001)
Dargan Ware (WAR089)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com

dware@davisnorris.com

**STATEMENT OF SERVICE**

Plaintiff has requested waiver of service under Rule 4(d) of the Federal Rules of Civil Procedure. A copy of this complaint, along with all documents necessary for compliance with that Rule, has been mailed to Defendant's registered agent CT Corporation System, at 2 North Jackson St., Suite 605, Montgomery, AL 36104.


/s/ Wesley W. Barnett
Wesley W. Barnett
One of the attorneys for Plaintiffs.